UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZOMARA WILSON                                    :
                                                    09 Cr. 1086 (DAB) (GWG)
                        Petitioner,             :  13 Civ. 7430 (DAB) (GWG)

        -v.-                                     :  REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA,                        :

                        Respondent.              :
-------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Zomara Wilson brings this pro se petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2255 after having pled guilty to one misdemeanor count of aiding and abetting

federal financial aid fraud in violation of 20 U.S.C. § 1097(a).  Wilson was sentenced principally

to a one-year term of probation and a fine.  For the reasons stated below, Wilson's petition

should be dismissed for lack of subject matter jurisdiction.

I.  BACKGROUND

        A.  Complaint, Indictment, and Guilty Plea

        A prior opinion of this Court, United States v. Wilson, 828 F. Supp. 2d 679 (S.D.N.Y.

2011) ("Wilson I"), which denied Wilson's motion to withdraw her guilty plea, described the

criminal complaint brought against Wilson:

> Wilson was charged in a criminal complaint dated August 13, 2009, with one
> count of fraud in connection with federal student assistance programs under 20
> U.S.C. § 1097(a).  See Sealed Complaint (annexed as Ex. A to Attorney
> Affirmation in Support of Defendant's Motion to Withdraw Guilty Plea, filed
> Sept. 16, 2011 (Docket # 43) ("Att'y Affirm.")) ("Compl.").  The complaint
> charged that from September 15, 2005 to January 27, 2009, Wilson worked as an
> admissions representative at the Anthem Institute in Manhattan. Compl. ¶ 9(a).
> Anthem Institute is a school that offers certificate programs in multiple fields.  Id.
> ¶ 5.  Students at Anthem are eligible to receive federal financial aid, such as Pell
> Grants, Supplemental Educational Opportunity Grants, Perkins Loans, and
> Federal Loans.  Id. ¶¶ 2, 6.  In order to receive federal financial aid, a student

> must have a high school diploma, possess a GED, or pass a designated Ability to Benefit ("ATB") exam. Id. ¶ 3.
>
> In March 2009, Anthem Institute learned that seven students assigned to Wilson had fraudulent GED certificates in their files. Id. ¶ 8. When questioned about these certificates, Wilson told the Campus President that she had "changed one of them" but then declined to respond to additional questions about the other certificates. Id. ¶ 8(b).
>
> Anthony Mangarella, a Special Agent with the United States Department of Education, Office of the Inspector General, spoke with several of the students whose records were at issue, none of whom was identified by name in the complaint. One student said that Wilson assured the student that the student had passed the ATB exam even though she had failed it. Id. ¶ 10(b), (c). Wilson later showed the same student a GED certificate and instructed the student to say her uncle had faxed it to the school. Id. ¶ 10(d). Another student said that Wilson allowed her to enroll prior to receiving the results of her GED exam. Id. ¶ 11. A third student said that Wilson had aided the student in filling out the Free Application for Federal Student Aid ("FAFSA") form. Id. ¶ 12(b). Wilson instructed this student to indicate that the student had a GED certificate even though Wilson knew the student had failed the GED exam several years previously. Id. ¶ 12(a), (b). Another student said that Wilson told her she did not need to take an exam even though she did not have a high school diploma or a GED. Id. ¶ 13(a), (b). Wilson told this student that she would indicate that the student possessed a GED certificate. Id. ¶ 13(d).

Wilson I, 828 F. Supp. 2d at 680-81.

On November 9, 2009, a Grand Jury in the Southern District of New York returned a one-count indictment charging Wilson with fraudulently obtaining federal financial aid under 20 U.S.C. § 1097(a) and aiding and abetting that violation under 18 U.S.C. § 2. See id. at 681. On May 3, 2011, Wilson pled guilty to the Indictment pursuant to a plea agreement, and in accordance with that agreement, Wilson's plea allocution specified that the amount of federal financial aid was less than $200, which made the crime a misdemeanor. See id.

B. The Motion to Withdraw the Plea

On September 16, 2011, Wilson filed a motion to withdraw her guilty plea pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure. See Wilson I, 828 F. Supp. 2d at 682.

<u>Wilson I</u> described the circumstances surrounding Wilson's motion to withdraw her guilty plea:

> On July 12, 2011, more than two months after she had pled guilty, Wilson sent the Court a letter requesting new counsel and informing the Court that she wished to withdraw her guilty plea in light of new information she had learned.  <u>See</u> Letter from Zomara Wilson to Hon. Deborah A. Batts and Hon. Gabriel W. Gorenstein, dated July 12, 2011 (annexed as Ex. H to Att'y Affirm.) ("Wilson Letter").  In her letter, Wilson asserted that her attorney at the time of her plea, Donna Newman, had withheld material information and that had Wilson known this information, she would have not pled guilty.  <u>Id.</u>  At a hearing held on July 21, 2011, the Court granted Wilson's request to relieve Newman and the Court substituted Laura Birger as counsel.  <u>See</u> Order, filed July 21, 2011 (Docket # 34).
>
> Shortly thereafter, Birger sent a letter to the Court stating that she was not in a position to file the motion to withdraw Wilson's guilty plea.  Accordingly, the Court held a conference on August 12, 2011, to determine whether Wilson should be appointed new counsel or should instead be allowed to proceed pro se.  <u>See</u> Order, filed Aug. 10, 2011 (Docket # 33).  At the end of the conference, the Court gave leave to Wilson to make her motion to withdraw pro se.
>
> On August 23, 2011, however, Rehan Nazrali, Esq. filed a notice of appearance on behalf of Wilson.  Notice of Appearance, filed Aug. 23, 2011 (Docket # 39). Shortly thereafter, Wilson, represented by Nazrali, filed her motion to withdraw her guilty plea . . . .

<u>Wilson I</u>, 828 F. Supp. 2d at 682.

On December 1, 2011, this Court issued an opinion denying Wilson's motion to withdraw her guilty plea.  <u>See</u> <u>Wilson I</u>.  Applying the three-part test set forth by the Second Circuit in <u>United States v. Doe</u>, 537 F.3d 204, 211 (2d Cir. 2008), we found that Wilson had not put forth a "fair and just reason" for withdrawing her plea.  <u>See</u> <u>Wilson I</u>, 828 F. Supp. 2d at 683-86.  The Court also noted that "[a] separate basis for withdrawal of a guilty plea occurs if a defendant received ineffective assistance of counsel," <u>id.</u> at 683, but concluded that Wilson was not entitled to withdraw her guilty plea on that basis either, <u>id.</u> at 686-88.

    C.  <u>Sentencing</u>

On January 17, 2012, Wilson appeared before this Court for a sentencing hearing.  <u>See</u>

3

Minute Entry for Proceedings Held Before Magistrate Judge Gabriel W. Gorenstein, dated Jan. 17, 2012.  The judgment of conviction in Wilson's case was entered on the same date.  <u>See</u> Judgment in a Criminal Case, dated Jan. 17, 2012 (Docket # 49 in 09 Cr. 1086) ("Judgment").  Wilson was sentenced to a one-year term of probation.  <u>Id.</u> at 2.  She was also ordered to pay a monetary fine in the amount of $250 and an assessment in the amount of $25.  <u>Id.</u> at 4.

      D.  <u>Direct Appeal</u>

      Wilson appealed, arguing <u>inter alia</u> that this Court erroneously denied her motion to withdraw her guilty plea.  <u>See</u> <u>United States v. Wilson</u>, 523 F. App'x 30 (2d Cir. 2013).  The Second Circuit found no abuse of discretion in the denial of the motion.  <u>Id.</u> at 30-31.  That Court concluded that the three-part test set forth in <u>Doe</u> did not support withdrawal of the plea, nor did Wilson's claim of counsel's ineffectiveness.  <u>Id.</u> at 31-32.  The Court also addressed several other arguments that Wilson raised on appeal.  It rejected Wilson's challenge to the indictment as "duplicitous" because a guilty plea waives the ability to bring any such challenge.  <u>Id.</u> at 31.  Similarly, it rejected her "challenge[] [to] the evidence against her" because a defendant who pleads guilty also waives the right to pursue this claim on appeal.  <u>Id.</u>  The Court also rejected Wilson's claim that "a government agent and the prosecutor committed fraud on the court by obtaining her indictment through false testimony" as well as her claim that "her guilty plea was not in accord with the plea agreement because she pleaded guilty to aiding and abetting and not to unlawfully obtaining federal financial aid."  <u>Id.</u>  It also concluded that Wilson's claim that "she did not plead guilty under oath" was not properly before that Court since the claim was raised for the first time in her reply brief but that, in any event, "the record reveal[ed] that Wilson was under oath when she pleaded guilty."  <u>Id.</u>  Finally, the Second Circuit stated: "Insofar as Wilson argues ineffective assistance of counsel as an independent basis to overturn

the conviction, such a claim is more appropriately heard on collateral review." Id. at 32 (citing United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004); Massaro v. United States, 538 U.S. 500, 504-05 (2003). The Court noted that "Wilson may, if she wishes, pursue her ineffective assistance claim in a properly filed 28 U.S.C. § 2255 motion." Id.

E.  The Instant Petition

On October 21, 2013, Wilson filed this motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1] The Government filed opposition papers on December 23, 2013. See Government's Memorandum of Law in Opposition to the Defendant's Motion Pursuant to 28 U.S.C. § 2255, filed Dec. 23, 2013 (Docket # 9 in 13 Civ. 7430). On December 30, 2013, Wilson filed a reply. See Petitioner's Response to the Government's Memorandum of Law in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255, filed Dec. 30, 2013 (Docket # 10 in 13 Civ. 7430). Shortly thereafter she submitted a document entitled "Request To Submit Additional Details Associated With Petitioner's Response To The Government's Memorandum of Law in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255," dated Jan. 28, 2013 [sic] (Docket # 11 in 13 Civ. 7430).

---

[1] See Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Regarding Ineffective Assistance of Defense Counsel Donna R. Newman, filed Oct. 21, 2013 (Docket # 1 in 13 Civ. 7430) ("Newman Pet."); Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Regarding Ineffective Assistance of Attorney Rehan Nazrali, filed Oct. 21, 2013 (Docket # 2 in 13 Civ. 7430) ("Nazrali Pet."); Movant Zomara Wilson['s] Brief in Support of Motion to Vacate, Set Aside, or Correct a Sentence Due to Ineffective Assistance of Attorney Rehan Nazrali, filed Oct. 21, 2013 (Docket # 3 in 13 Civ. 7430); Movant Zomara Wilson['s] Brief in Support of Motion to Vacate, Set Aside, or Correct a Sentence Due to Ineffective Assistance of Defense Counsel Donna R. Newman, filed Oct. 21, 2013 (Docket # 4 in 13 Civ. 7430). The Court also notes that Wilson has filed two separate § 2255 petitions, each styled as a separate motion and corresponding to the alleged ineffectiveness of Newman and Nazrali. We refer to these submissions collectively as Wilson's "petition."

II.  APPLICABLE LAW

    A.  Law Governing Review of Section 2255 Petition

    Section 2255(a) of Title 28 of the United States Code provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In considering a § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  On the other hand, if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (citation and internal quotation marks omitted).

III.  DISCUSSION

    Wilson appears to raise several grounds for relief in her § 2255 petition.  See Newman Pet. at 3-8; Nazrali Pet. at 3-8.  We do not reach any of these grounds, however, because Wilson cannot satisfy § 2255's "in custody" requirement.  As a result, this Court lacks subject matter jurisdiction to adjudicate Wilson's petition, and her petition should be dismissed on this basis.

    Section 2255 specifies that only "[a] prisoner in custody under sentence of a court" may bring a motion under that section.  Courts have long held that "[a] district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody."  United States v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960); accord Scanio v.

United States, 37 F.3d 858, 860 (2d Cir. 1994).  Thus, "[i]n order to invoke habeas corpus

review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement

of 28 U.S.C. § 2255."  Scanio, 37 F.3d at 860 (citing Brilliant, 274 F.2d at 620); accord Bimpeh

v. United States, 2008 WL 4861705, at *1 (S.D.N.Y. Nov. 10, 2008) ("The statute, by its text,

only confers subject matter on courts where a prisoner is in 'custody' and is 'claiming the right

to be released.'"); Wing Lee Woo v. United States, 2007 WL 3034210, at *3 (E.D.N.Y. Oct. 15,

2007) ("It is well-settled that a district court has jurisdiction over a habeas corpus motion only if

the movant is 'in custody.'") (citing cases).  The "in custody" requirement is applied as of the

time the petition for habeas corpus is "filed."  Carafas v. LaVallee, 391 U.S. 234, 238 (1968);

accord Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Aponte v. Brown, 2011 WL 797406, at

*2 (E.D.N.Y. Feb. 28, 2011).

   In Maleng v. Cook, 490 U.S. 488 (1989), the Supreme Court stated that the "in custody"

language in the federal habeas statute does not require a prisoner to be "physically confined" in

order to challenge his sentence on habeas corpus, and thus a "prisoner who had been placed on

parole was still 'in custody' under his unexpired sentence." 490 U.S. at 490-91.  The Court

stated that it had "never held, however, that a habeas petitioner may be 'in custody' under a

conviction when the sentence imposed for that conviction has fully expired at the time his

petition is filed."  Id. at 491 (emphasis in original).  Maleng also noted that, while the Supreme

Court had "liberally construed the 'in custody' requirement for purposes of federal habeas, [it]

ha[d] never extended it to the situation where a habeas petitioner suffers no present restraint

from a conviction."  Id. at 492.  In light of Maleng's holding that physical confinement is not a

prerequisite to finding that a petitioner is "in custody," and that a parolee is "in custody" for

purposes of habeas review, the Second Circuit has held that a petitioner under supervised release

may also be considered "in custody" for habeas purposes. <u>Scanio</u>, 37 F.3d at 860. The same is true for petitioners who are on probation. <u>See</u>, <u>e.g.</u>, <u>Jones v. United States</u>, 2012 WL 19374, at *2 (S.D.N.Y. Jan. 3, 2012) ("For the purposes of a § 2255 motion, a prisoner on supervised release or probation is considered to be in custody); <u>Aponte</u>, 2011 WL 797406, at *2 ("A petitioner is considered 'in custody' for purposes of habeas jurisdiction while he is on probation or parole.").

Consistent with <u>Maleng</u>, courts have regularly held that they lack subject matter jurisdiction to adjudicate habeas petitions where the petitioner is no longer on probation or under supervised release at the time the petition was filed. <u>See</u>, <u>e.g.</u>, <u>Jones</u>, 2012 WL 19374, at *2 ("[I]n this case, the court lacks jurisdiction over [petitioner's] motion because she filed it after her term of probation had concluded."); <u>see</u> <u>also</u> <u>Aponte</u>, 2011 WL 797406, at *2 ("[P]etitioner's probation was terminated [prior to filing] . . . Accordingly, petitioner is not 'in custody' pursuant to the conviction under attack . . . . ") (construing "in custody" requirement of 28 U.S.C. § 2254). It is of no moment that the amount of time that has expired since the date custody ended is short. In <u>Scanio</u>, the Second Circuit held that a habeas petitioner who filed his petition three days after his term of supervised release expired was not "in custody" at the time of filing, <u>Scanio</u>, 37 F.3d at 860 (citing <u>Maleng</u>, 490 U.S. at 491), and thus the "district court lacked jurisdiction to entertain [petitioner's] claim," <u>id.</u> at 861.

In this case, Wilson's one-year term of probation began to run on or about January 17, 2012. <u>See</u> Judgment at 1. Her term of probation therefore ended on or about January 17, 2013. Wilson did not file her § 2255 petition until October 21, 2013, however – long after her probation had ended. Because Wilson's term of probation expired before she filed her petition, she was no longer "in custody" at the time of filing, and this Court lacks subject matter

jurisdiction to adjudicate her petition.

IV.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus (Docket ## 1 & 2 in 13

Civ. 7430 and Docket # 66 in 09 Cr. 1086) should be dismissed for lack of subject matter

jurisdiction.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days including weekends and holidays from service of

this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a),

(b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the

Court, with copies sent to the Hon. Deborah Batts, and to the undersigned, at 500 Pearl Street,

New York, New York 10007.  Any request for an extension of time to file objections must be

directed to Judge Batts.  If a party fails to file timely objections, that party will not be permitted

to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474

U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 26, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

9

Copies sent to

Zomara Wilson
950 Under Hill Ave
# 22B
Bronx, NY 10473

Counsel by ECF